Judith E. CALDWELL, M.D., Appellant,

v.

Donna E. SHALALA, in her official capacity as Secretary of Health and Human Services, et al., Appellees.

Nos. 96–5112, 96–5143.

United States Court of Appeals, District of Columbia Circuit.

Argued April 2, 1997.

Decided May 27, 1997.

Stephanos Bibas, appointed by the court as amicus curiae, argued the cause, on the side of appellant, with whom Jeffrey G. Huvelle, Washington, DC, was on the briefs. Judith E. Caldwell, appearing pro se, also filed briefs.

W. Mark Nebeker, Assistant U.S. Attorney, argued the cause for appellees, with whom Eric H. Holder, Jr., U.S. Attorney, John D. Bates and R. Craig Lawrence, Assistant U.S. Attorneys, Washington, DC, were on the brief.

Before: EDWARDS, Chief Judge, WALD and RANDOLPH, Circuit Judges.

Opinion for the Court filed by Chief Judge EDWARDS.

HARRY T. EDWARDS, Chief Judge:

Appellant Judith Caldwell is a medical doctor who briefly worked at the Kenner Army Community Hospital ("Kenner"). Shortly after she began, Kenner revoked her clinical privileges due to alleged negligence. This revocation led to an "adverse action report" in the National Practitioner Data Bank ("Data Bank"), a national clearinghouse of information about doctors, see 42 U.S.C. §§ 11101–11152 (1994); 42 C.F.R. §§ 60.1–.14 (1996).

Caldwell filed suit, arguing, inter alia, that Kenner failed to comply with procedural due process before revoking her privileges. The District Court agreed and ordered a due process hearing; because it was not convinced that the first hearing was adequate, it then ordered a supplemental hearing. After the supplemental hearing, Kenner concluded that the revocation of Caldwell's privileges had been "unwarranted," and conditionally reinstated her privileges. Caldwell argued that the supplemental hearing was inadequate, but the District Court did not rule on this issue, as it believed that the conditional reinstatement would enable Caldwell to practice medicine again, thus mooting her claim.

Caldwell, however, has been unable to practice medicine. Her problems persist because the new Data Bank entry was only a "conditional reinstatement," and did not void the original negligence entry (as it could have). Thus, although Kenner has concluded that the original action was "unwarranted," Caldwell has been unable to practice medicine due to the original and remaining blight on her record. Caldwell claims that if she had had full use of the relevant medical

records at the supplemental hearing, she may have been able to convince Kenner to expunge the original "revocation" from the Data Bank records, and change the "conditional *reinstatement*" to something akin to an "*instatement*" of privileges, subject to normal conditions."

There was no transcript of the supplemental hearing, and appellate counsel could not explain what had happened at the hearing. Because the District Court did not address the constitutional adequacy of the supplemental hearing, the case must be remanded for a determination of whether Caldwell had an opportunity to make full use of all relevant medical records at the supplemental hearing. If it determines that the hearing was inadequate, the District Court must order Kenner to conduct a new hearing (unless Kenner is willing to revise the Data Bank entries without further hearing). Accordingly, we reverse and remand.

## I. Background

### A. The Revocation of Privileges and the Adverse Action Report

Caldwell, a black woman, was employed as a physician with Coastal Government Services, Inc., a private company under contract with the United States Department of the Army. Caldwell was assigned to Kenner, an Army hospital, and Kenner granted Caldwell clinical privileges at its facility. Caldwell worked at Kenner for only eleven days—from October 28, 1992 until November 12, 1992.

In early November 1992, shortly after Caldwell commenced working at Kenner, Dr. Joel Fishbain wrote a memorandum for the record in which he stated that he had observed deficiencies in Caldwell's competence. On November 13, 1992, Caldwell received notice from Kenner's Credentials Committee that her clinical privileges were being placed in abeyance for fourteen days while the allegations against her were investigated.

On December 2, 1992, the Credentials Committee wrote a letter to Caldwell informing her that her clinical privileges at Kenner were being revoked and that she had a right to a hearing. This letter, however, never reached her. On January 7, 1993, the Credentials Committee forwarded a report of the revocation of Caldwell's clinical privileges to the Office of the Army Surgeon General.

On July 22, 1993, the Army filed an adverse action report with the Data Bank, which stated that Caldwell's privileges had been revoked due to negligence. In November 1993, as a result of the adverse action report, the South Carolina Board of Medicine denied Caldwell's application for a permanent license to practice medicine. In February 1994, the Mississippi and Alabama Boards of Medicine denied her applications for medical licenses for the same reason. Finally, in the summer of 1994, Caldwell lost her medical licenses in California and Virginia because of the adverse action report.

### B. The Court Proceedings and the Conditional Reinstatement

On August 11, 1994, Caldwell filed suit, asserting claims under, *inter alia*, the Due Process Clause, Title VII of the Civil Rights Act, and 42 U.S.C. § 1981 (1994). The District Court dismissed Caldwell's discrimination claims, but remanded her due process claim, ordering Kenner to conduct a due process hearing.

On March 20, 1995, an Ad Hoc Credentials Hearing Committee at Kenner held a hearing to give Caldwell the due process required by the District Court. The committee concluded that Caldwell had provided substandard documentation of care. Caldwell filed a motion with the District Court to reopen the case, claiming that she had not been able to examine the full medical records or cross examine witnesses at the first hearing. Because the District Court was not convinced that the first hearing satisfied the requirements of due process, it ordered that Kenner give Caldwell a supplemental due process hearing to correct the alleged deficiencies.

Another Ad Hoc Credentials Hearing Committee met on September 26, 1995. After the hearing, the Commanding Officer at Kenner informed Caldwell that the revocation of her privileges had been "unwarranted." He reinstated her privileges with two conditions: 100% concurrent chart review for

the first three months or 750 charts, and monthly performance review by the Credentials Committee.

On November 13, 1995, the Army forwarded a revised information report to the Data Bank. The report showed that Kenner had revised its earlier action, but it did not void the original entry in the Data Bank (as it could have). The report stated that Caldwell's privileges were conditionally reinstated, subject to the two conditions.

The following day, the District Court held a scheduling conference. Caldwell argued that the supplemental hearing was inadequate. The Army could not fully answer this charge, as the attorney who had attended the supplemental hearing was unexpectedly absent (his wife was giving birth that morning). The District Court did not rule on the adequacy of the supplemental hearing, however, as it believed that the conditional reinstatement of Caldwell's privileges would enable her to practice medicine again. *See, e.g., Caldwell v. Shalala,* Civ. No. 94–1752, at 18 (D.D.C. Nov. 14, 1995) (Status Call) ("[I]t looks like you are on the road to getting your license privileges back."), 19 ("I think that you will be able to get on with your life, once you get your National Practitioner Data Bank records straightened out."), *reprinted in* Appendix ("App.") D at 18–19. The District Court dismissed the case without prejudice, subject to reopening upon oral application by either party.

Caldwell later notified the District Court that the state medical boards had not reinstated her licenses. She then moved to reopen the case, but the District Court denied the motion as moot. The trial court then ordered that the case be dismissed with prejudice.

## II. ANALYSIS

This case presents a straightforward request for procedural due process.[1] Caldwell asserts that she did not have an opportunity to make full use of relevant medical records

at the supplemental hearing. The District Court did not rule on this issue, because it erroneously believed that Caldwell's conditional reinstatement would allow her to practice medicine again, thus mooting her procedural due process claim. *See, e.g., Caldwell v. Shalala,* Civ. No. 94–1752, at 18 (D.D.C. Nov. 14, 1995) (Status Call) ("[I]t looks like you are on the road to getting your license privileges back."), 19 ("I think that you will be able to get on with your life, once you get your National Practitioner Data Bank records straightened out."), *reprinted in* App. D at 18–19.

Caldwell claims that, because her Data Bank records still show that her clinical privileges were "revoked" and that her privileges have only been "conditional[ly] reinstate[d]," state licensing boards have been unwilling to reinstate her medical licenses. She claims that, had she been able to explore fully the evidence at the supplemental hearing, she may have been able to convince Kenner to expunge the record reference to the original "revocation," and avoid any reference to a "conditional *reinstatement*."

There was no transcript of the supplemental hearing, and appellate counsel could not explain what happened at the hearing. Because the District Court did not rule on the adequacy of the supplemental hearing, the case must be remanded for a determination of whether Caldwell had an opportunity to make full use of all relevant medical records at the supplemental hearing. If it determines that the hearing was inadequate, the District Court must order Kenner to conduct a new hearing (unless, of course, Kenner is willing to revise the Data Bank entries without further hearing).

We find it perplexing that, even though Kenner concluded that the original action taken against Caldwell was "unwarranted," the mark remains on her record. If the original action was unwarranted, then Caldwell should be in no worse position than when she started—*i.e.,* with a clean record in

---

1. We find no merit in Caldwell's argument that the District Court erred in dismissing her discrimination claims. Likewise, we reject her claim for damages under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Finally, lest there be any confusion over what is at issue here, we note that Caldwell has not raised any substantive due process claim.

the Data Bank. Furthermore, we fail to see why this case has floundered in litigation for these many years. It is undisputed that the Army has the power to void the original action; the Army's failure to give full redress is inexplicable in light of the determination that the original mark against Caldwell was *unwarranted.* We trust that the parties will promptly resolve this case and remove it from the courts' dockets.

### III. Conclusion

For the foregoing reasons, we reverse the judgment of the District Court, and remand for a determination of whether Caldwell had an opportunity to make full use of all relevant medical records at the supplemental hearing.